UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSON
MILWAUKEE DIVISION

---

STEPHEN J. ISBELL
514-2 Conner Court
Madisonville, KY 42431,

      Plaintiff,

vs.              Case No.

SSP AMERICA
5300 South Howell Avenue
Milwaukee, WI 53207,

      Defendant.

---

## COMPLAINT

---

NOW COMES THE PLAINTIFF, Stephen J. Isbell (herein after "Plaintiff"), by his attorney, Enochs Law Firm, by Attorney Randy T. Enochs, and hereby states the following as his complaint in the above-referenced matter.

NATURE OF THE PROCEEDINGS

  1.  This civil action is brought as part of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended, ("ADA"), and Wisconsin's common law of invasion of privacy, *Wis. Stat.* § 995.50, to redress Plaintiff's employment issues with the Defendant stemming from the Defendant's revealing of the Plaintiff's confidential medical record.

## PARTIES

2. Plaintiff is a former employee of the Defendant and is an adult resident of the state of Kentucky, residing at 514-2 Conner Court, Madisonville, Kentucky 42431.

3. Defendant SSP America (hereinafter referred to as "SSP," or Defendant) is an operator of food and beverage brands in travel locations worldwide located at 5300 South Howell Avenue, Milwaukee, WI 53207. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(a), employing more than 500 employees. Defendant's registered agent for service is C T Corporation System, 8020 Excelsior Drive, Suite 200, Madison, WI 53717.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 and pursuant to 42 U.S.C. § 2000e-5(f)(1) et seq. and 29 U.S.C. § 626(c).

5. This court also has supplemental jurisdiction over the Wisconsin common law claim of invasion of privacy, Wis. Stat. § 995.50, pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Eastern District of Wisconsin Milwaukee Division because both Plaintiff and Defendant are located in this district and the unlawful employment practices alleged herein were committed in the Eastern Judicial District of the State of Wisconsin.

## BACKGROUND

7. Plaintiff started working for the Defendant at the beginning of June 2015 and at all times relevant as served as a Server.

8. Plaintiff worked for the Defendant until he resigned on June 7, 2016.

9. Plaintiff at all times more than adequately performed his duties and met Defendant's legitimate employment expectations, never having received a single discipline or warning while employed with Defendant.

10. Plaintiff has had a longstanding condition of alcoholism in excess of eight (8) years. Plaintiff's alcoholism substantially limits his ability to sleep, work, think, drive, etc.

11. Defendant has known about Plaintiff's alcoholism since at least February 29, 2016 when he informed the Operations Manager, Nikki Lathrop (hereinafter "Lathrop"), that he was seeking treatment for his alcoholism.

12. In response to Plaintiff's need for leave to seek alcoholism treatment, Lathrop told Plaintiff to get better, not to worry, and asked Plaintiff to inform her when he was able to resume work. Thus, Plaintiff began his leave on February 29, 2016.

13. Plaintiff returned to work from his medical leave of absence on March 3, 2016 and upon his return to work, on March 5, 2016, Plaintiff learned from a coworker that several of Plaintiff's coworkers were told about Plaintiff's leave to seek treatment for his alcoholism. Upon hearing this from his coworker, Plaintiff immediately contacted the General Manager, Emily Quade, also on March 5, 2016 about the dissemination of his private medical information, to which he never received a response.

14. After March 5, 2016, Plaintiff learned that several other of his coworkers asked the Defendant about his whereabouts and were told that he had taken a leave of absence due to his alcoholism.

15. Plaintiff's last day of work for Defendant was on June 4, 2016. Plaintiff tendered his resignation on June 7, 2016 due to the "toxic environment" he felt he was working in as Defendant never addressed his grievance regarding their disseminating his private medical

information to his coworkers and the public as this continued to cause him embarrassment, humiliation, etc. and also caused his alcoholism to relapse.

16. Defendant acted unreasonably or recklessly as to whether there was a legitimate public interest in Plaintiff's private and confidential information, or with actual knowledge that none existed, gave publicity to a matter concerning the private life of Plaintiff, of a kind highly offensive to a reasonable person in the intrusive and reckless manner in which they disseminated Plaintiff's private medical information.

17. The intrusive and reckless manner in which Defendant disseminated Plaintiff's private medical information was substantially certain to become one of public knowledge.

18. Defendant's conduct violated Plaintiff's fundamental right to privacy and caused harm to the personal and professional reputation of Plaintiff, so as to lower him in the estimation of the community; caused him to incur expenses, and suffer emotional distress, mental anguish, stress, and humiliation, all to his damage.

19. On or about April 4, 2016, Plaintiff filed an employment discrimination complaint against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") designated as EEOC Case No. 443-2016-00768. In the complaint, Plaintiff alleged that he was discriminated against in violation of the ADAAA in that Defendant released confidential medical information about his disability.

20. Conciliation failed and the EEOC issued a Notice of Right to Sue on this charge on August 16, 2016.

21. Plaintiff has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action.

## COUNT I—ADA DISCRIMINATION

22. Plaintiff realleges and incorporates paragraphs 1-21 of this complaint by reference.

23. Defendant intentionally discriminated against Plaintiff by revealing his private medical information and record in reckless disregard of his federally protected rights under the Americans with Disabilities Act of 2008.

24. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, loss of wages and other employment benefits, and his attorney's fees and costs.

## COUNT II—INVASION OF PRIVACY

25. Plaintiff realleges and incorporates paragraphs 1-24 of this complaint by reference.

26. The allegations more particularly described above constitute violations of § 995.50, *Wis. Stats.* by Defendant's intrusion upon the privacy of Plaintiff of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private.

27. Plaintiff had a reasonable right to be free from unlawful and unreasonable intrusions upon his privacy.

28. Said unlawful invasion of privacy constituted actions in disregard to the privacy rights of Plaintiff relating to his right to be free from unlawful intrusions upon a place that a reasonable person would consider private, in violation of § 995.50, *Wis. Stats.,* causing Plaintiff to suffer invasion of his privacy, emotional distress, mental anguish, stress, humiliation and harm to reputation and livelihood, all to his damage.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, its officers, agents, employees, successors, and all persons in active concert or participation with it, as follows:

A. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement of other benefits and expenses in an amount to be shown at trial;

B. Grant to Plaintiff his attorney's fees, costs, and disbursement as provided by 29 U.S.C. § 2617(3), 29 U.S.C. § 1132, 42 U.S.C. §2000e-5 and all other applicable statutes and provisions;

C. Damages for emotional pain, suffering, humiliation, embarrassment, and mental anguish, pursuant to § 995.50, *Wis. Stats.* and common law; and

D. Grant to Plaintiff whatever other relief this Court deems just and equitable.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims for damages herein.

Dated this 12th day of October, 2016

**ENOCHS LAW FIRM**
*Attorney for the Plaintiff*

*/s/ Randy T. Enochs*
Randy T. Enochs
State Bar No. 1065740
310 E. Buffalo Street
Suite 119

Milwaukee, WI 53202
414-748-4878 (Office)
414-973-2331 (Fax)
enochslawfirm@gmail.com